## FORD v FULTON

Ohio Appeals, 2nd Dist, Fayette Co

No 218.   Decided March 25, 1935

## OPINION

N. P. Clyburn, Washington C. H., and Maddox & Maddox, Washington C. H., for plaintiff in error.

E. L. Bush, Washington C. H., for J. M. Willis, Receiver, defendant in error.

## OPINION

By HORNBECK, J.

The sole and only question presented upon the demurrer is whether or not a re-

ceivership of the estate of James Ford, established during his lifetime by the Court of Common Pleas, is or should be terminated upon the facts set forth in the petition.

The trial court, in sustaining the demurrer to the petition, held that it did not state a cause of action justifying or requiring a termination of the receivership. With that opinion we are in accord. Of course, the Common Pleas Court could terminate the receivership if a changed condition was pleaded and proved and the best interest of the estate would prompt the termination of the receivership and discharge of the receiver. **C. S. & C. R. R. Co. v Sloan, 31 Oh St 13.**

The only averment of changed condition, in the petition, of the estate is in the nature of a legal conclusion and is not sufficient against demurrer.

Upon the basic question presented, inasmuch as a court of competent jurisdiction had, during the lifetime of James Ford, asserted jurisdiction, taken his assets into custudio legis and named an officer to administer them for the benefit of his creditors, the death of James Ford and the naming of a fiduciary to administer his estate would not change its status. **11 O. Jur., 726, 733.** James Ford in his lifetime could not have terminated the receivership unless there had been a marked change in condition or a settlement of the claims of his creditors and we know of no principle at law that would permit his personal representative to do that which James Ford could not do in his lifetime. As suggested in the brief of counsel for the receiver, the rights of the executrix rise no higher than the rights of James Ford in his lifetime.

Judge McBride in his opinion directs attention to the fact that a receivership is in the nature of an equitable execution creating a lien on the assets of the debtor. **Cheney v Cycle Co., 64 Oh St 214.**

We are satisfied that if the executrix as such or as his widow has any equities in the property in receivership it must primarily be worked out with the receiver.

We have examined the cases cited by counsel for plaintiff in error and find none which would require a reversal of the judgment in this case. It will, therefore, be affirmed.

KUNKLE, PJ, and BARNES, J, concur.